UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAMELA WHITE,

               Plaintiff,

    v.

THOMAS J. VILSACK,
SECRETARY,
DEPARTMENT OF AGRICULTURE

               Defendant.

Civil Action No. 11-1763 (BJR)

MEMORANDUM OPINION

**DENYING DEFENDANT'S MOTION TO DISMISS; DENYING WITHOUT PREJUDICE
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

This matter is before the court on [Dkt. # 10] the motion to dismiss and alternative motion for summary judgment filed by Defendant Food Safety and Inspection Service ("FSIS") of the United States Department of Agriculture. Plaintiff, an African American, alleges that her employer, FSIS, discriminated against her on the basis of her race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), *see* 42 U.S.C. § 2000e, *et. seq.* Plaintiff claims that the Secretary discriminated against her on the basis of her race by failing to (1) detail[1] her to a GS-9 level position[2] ("failure to detail claim") (2) promote her to the Administrative Officer position ("failure to promote claim"). *See generally* Compl. Defendant Thomas Vilsack, Secretary of the Department of Agriculture ("the Secretary"), moves to dismiss both of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment as to

---

[1]     A detail is a temporary assignment to a different position for a specified period of time. *See Dep't of Def., Army-Air Force Exch. Serv. v. Fed. Labor Relations Auth.*, 659 F. 2d 1140, 1165 (D.C. Cir. 1981).

[2]     GS is the General Schedule pay scale for federal employees. *See Gilbert v. Napolitano*, 670 F.3d 258, 260 (D.C. Cir. 2012). The pay increases as the GS level increases; thus, for instance, a GS-11 position is a higher-paying position than a GS-9.

Plaintiff's "failure to promote" claim.  Upon review of the motion, the opposition thereto, and the record in this case, the court concludes that the Secretary's motion to dismiss must be denied as to the Plaintiff's failure to detail claim, and the Secretary's motion for summary judgment must be denied without prejudice as to the Plaintiff's failure to promote claim.

## II. BACKGROUND

Plaintiff was employed as a GS-7 Management Assistant at the Resource Management and Planning Staff Division of FSIS.  Compl. ¶ 4.  In 2005, a GS-11 Administrative Officer position became available in Plaintiff's office.  *Id.* ¶7.  From August to October 2005, FSIS detailed Plaintiff into the Administrative Officer position but compensated her at the GS-9 level, a pay grade less than GS-11. *Id.*

After her detail ended, Plaintiff returned to her position as a GS-7 Management Assistant and continued to perform some Administrative Officer duties while the Administrative Officer position remained vacant.  *Id.* ¶ 7, 9.  Given her additional duties, she requested that her supervisor, Robert Cooke, provide her with another GS-9 level detail position or other opportunities to advance her career.  *Id.* ¶ 12.  She claims that, although there were positions available for career advancement in two other branches in FSIS, her supervisor took no action to place her in the positions.  *Id*. ¶ 13.  Plaintiff alleges that she lost opportunities for career advancement, training and future compensation as a result of this inaction.  *Id* ¶ 5, 12.

Throughout this period, Plaintiff also asked to be promoted to the vacant Administrative Officer position or at least be allowed to compete for it.  *Id.* ¶ 6.  According to Plaintiff, in September 2009, Gaye Gerard, a Caucasian woman compensated at the GS-12 level, assumed the Administrative Officer post in Plaintiff's office, a position that Plaintiff says was never advertised.  *Id.* ¶¶ 6, 16.

In January 2010, Plaintiff filed a formal Equal Employment Opportunity ("EEO") complaint, and the Equal Employment Opportunity Commission ("EEOC" or "the Commission") issued a Final Agency Decision the following year denying her claims. *Id*. ¶ 20. Plaintiff now alleges disparate treatment on the basis of race in violation of Title VII. More specifically, Plaintiff claims that the Secretary discriminated against her on the basis of her race by failing to detail her to a GS-9 level position ("failure to detail claim") and failing to promote her to the Administrative Officer position ("failure to promote claim"). *See generally* Compl. The Secretary moves to dismiss the failure to detail claim, asserting that Plaintiff failed to exhaust administrative remedies, or, in the alternative, failed to allege an adverse employment action. The Secretary also moves to dismiss or, in the alternative, moves for summary judgment as to the failure to promote claim. With the motion ripe for consideration, the court turns to the applicable legal standards and the parties' arguments.

### III. ANALYSIS

#### A. The Court Denies the Secretary's Motion to Dismiss the Failure to Detail

#### 1. Legal Standard - Rule 12(b)(6) Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may file a motion to dismiss to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *In re Interbank Fund Corp. Sec. Litig*., 668 F. Supp. 44, 47-48 (D.D.C. 2009) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *see also* FED. R. CIV. P. 12(b)(6). Ambiguities must be resolved in favor of the plaintiff, giving her the benefit of every reasonable inference drawn from the well-pleaded facts and allegations in the complaint. *See In re Interbank Fund Corp. Sec. Litig*., 668 F. Supp. at 47-48.

To survive a Rule 12(b)(6) motion, the complaint must plead sufficient facts that, taken as true, provide "plausible grounds" that discovery will reveal evidence to support the

allegations. *Twombly*, 550 U.S. at 544. A claim has facial plausibility when Plaintiff pleads factual content that allows the court to draw the reasonable inference that Defendant is liable for the alleged misconduct. *Ashroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570)). Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

### 2. Plaintiff Exhausted Her Administrative Remedies

The Secretary labels Plaintiff's failure to detail claim as a failure to promote to a GS-9 claim, and then goes on to argue that Plaintiff did not include such a failure to promote to a GS-9 claim in her EEO complaint. Def.'s Mot. at 12. Therefore, the Secretary concludes, Plaintiff's complaint should be dismissed for failure to exhaust administrative remedies. *Id.* Plaintiff counters that her failure to detail claim was included in her administrative complaint. Pl's Opp'n at 16. Plaintiff's argument is well taken.

A plaintiff must exhaust her administrative remedies with the EEOC before filing a Title VII claim in federal court. *Ahuja v. Detica Inc.*, No. 09-0224, 2012 WL 1268301, at *5 (D.D.C. Apr. 16, 2012) (citing *Lewis v. City of Chicago, Ill.*, 130 S. Ct. 2191, 2196-97 (2010)); 42 U.S.C. § 2000e-5(f)(1). This requirement "serves the important purposes of giving the charged party notice of the claim and 'narrow[ing] the issues for prompt adjudication and decision.'" *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) (citing *Laffey v. Nw. Airlines, Inc.*, 567 F.2d 429, 472 (D.C.Cir. 1976)). A court "has authority over . . . claims like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations." *Hudson v. Children's Nat'l Med. Ctr.*, 645 F. Supp. 2d 1, 3 (D.D.C. 2009) (citing *Park*, 71 F.3d at 907).

In describing the claims made by Plaintiff in her administrative complaint, the EEOC's Final Agency Decision states that Plaintiff "asked [her] supervisor if [her] position[] could be

upgraded to [a] GS-9[]" or that she be given "the opportunity to detail to another branch in a GS-9 position so she could eventually qualify for the GS-11 [Administrative Officer] position." Def.'s Ex. 5 at 2, 4. The Commission found that Plaintiff had made "verbal requests to be placed on detail." *Id.* at 7. Plaintiff alleges not only that she lost potential career opportunities, but also that she lost the potential compensation that she would have earned in a GS-9 detail position. *See generally* Compl.

Although Plaintiff did not explicitly mention a potential increase in compensation in her administrative complaint, the denial of a detail from a GS-7 to a GS-9 position necessarily signifies that Plaintiff was denied a salary increase. As such, Plaintiff's failure to detail claim is "reasonably related" to, and "grow[s] out of" her EEOC allegations. *Hudson,* 645 F. Supp. 2d at 3; *see also*, *Wiley v. Glassman*, 511 F.3d 151 (D.C. Cir. 2007) (finding that the reduction in airtime of a radio broadcaster could have reasonably been expected to grow out of administrative complaints that Plaintiff was denied career advancement and promotional opportunities). The court therefore concludes that Plaintiff has exhausted the administrative remedies available for her failure to detail claim and that the Secretary's motion to dismiss her claim on this basis must be denied.

**2. Plaintiff Has Stated an Adverse Employment Action for Her Failure to Detail Claim**

The Secretary argues that the failure to detail claim should be dismissed because Plaintiff's allegations that "unspecified detail assignment . . . resulted in a 'loss of compensation' are merely speculative and thus do not constitute adverse actions." Def.'s Mot. at 8. Plaintiff responds that the denial of a detail position deprived her of higher pay, a tangible harm that

elevates the Secretary's failure to detail the Plaintiff to the level of an adverse employment action. Pl.'s Opp'n at 12-13. The court agrees with Plaintiff.[3]

Title VII bars discrimination "because of . . . [an] individual's race, color, religion, sex, or national origin." *Ponce v. Billington*, 2012 U.S. App. LEXIS 10025, at *6 (D.C. Cir. May 18, 2012) (quoting 42 U.S.C. § 2000e-2(a)(1)). A plaintiff can establish liability by "proving that a protected characteristic was a but-for cause of the adverse employment action." *Id.* Typically, a plaintiff establishes but-for causation using a legal framework set forth in *McDonnell Douglas*. 411 U.S 792, 801 (1973). The first step of the *McDonnell Douglas* test requires that Plaintiff "prove a prima facie case of discrimination." *Id.* "[T]o state a prima facie claim of disparate treatment discrimination, Plaintiff must establish that (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination." *Brown v. Brody*, 199 F.3d 446, 452 (D.C. Cir. 1999). An adverse employment action "is a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits." *Douglas v. Donovan*, 559 F.3d 549, 551-52 (D.C. Cir. 2009) (citations omitted).

Ordinarily, the denial of a detail is not an adverse employment action. *See, e.g., Brooken v. Solis*, 616 F. Supp. 2d 81, 91 (D.D.C. 2009) (finding that the denial of a detail opportunity that would have provided training, experience, and advancement opportunities did not constitute an adverse employment action); *Dorns v. Geithner*, 692 F. Supp. 2d 119, 132 (D.D.C. 2010) (explaining that simply stating that a transfer would have provided opportunities for growth does

---

[3] Plaintiff also argues that the failure to detail constitutes an adverse employment action because she was deprived of the opportunity to receive on-the-job training that would have qualified her for a promotion. The court rejects this argument. As elaborated below, allegations that a detail would have provided training, experience and advancement opportunities are too speculative to constitute an adverse employment action. *See Brooken v. Solis*, 616 F. Supp. 2d 81, 91 (D.D.C. 2009); *Dorns v. Geithner*, 692 F. Supp. 2d 119, 132 (D.D.C. 2010).

not establish an adverse action). However, "the denial of a detail may constitute an adverse employment action if the denial also 'entailed materially adverse 'consequences affecting the terms, conditions, or privileges' of [plaintiff's] employment." *Id.* (citations omitted). Actions that have "direct, measurable, and immediate effect[s]" are generally actionable. *Douglas*, 559 F.3d at 552 (citing *Russell v. Principi*, 257 F.3d 815, 819 (D.C. Cir. 2001)). Notably, "the denial of [a p]laintiff's request for [a] temporary . . . position could be construed as an adverse employment action if [the p]laintiff's pay would have increased" as a result of the temporary placement. *Singleton v. Potter*, 402 F. Supp. 2d 12, 40 (D.D.C. 2005).

Here, Plaintiff claims that she would have earned additional compensation had she been detailed to a GS-9 level position. The Secretary does not dispute that in 2005 Plaintiff received higher pay when the USDA detailed her into the vacant Administrative Officer position at the GS-9 level. Compl. ¶ 8. Construing the complaint in the light most favorable to the Plaintiff, the court infers that, based on her past increase in pay, her claim that she could have obtained a higher-paying detail is not "merely speculative", as the Secretary asserts. Moreover, she has plead with sufficient specificity that "there were open positions available for career advancement in two other branches," Compl. ¶ 14, and that she asked her supervisor to provide her "the opportunity to detail to another branch within the Division in a GS-9 level position." *Id.* ¶ 12.

At this early stage of the case, the court must rely on allegations in the complaint. With that in mind, the court determines that the denial of a detail position could possibly have affected Plaintiff's potential pay, thereby causing a "direct, measurable, and immediate" effect on Plaintiff's compensation, a term of her employment. *Douglas*, 559 F.3d at 552 (citing *Russell*, 257 F.3d at 819). Therefore, Plaintiff has alleged a materially adverse employment action. *Compare Russell*, 257 F.3d at 819 (observing that the loss of potential compensation is tangible, has direct, measurable effects, and therefore constitutes an adverse employment action), *with*

*Brody*, 199 F.3d at 456 (finding that a purely lateral transfer that does not affect pay or benefits does not rise to the level of a materially adverse employment action). Accordingly, the court denies the Secretary's motion to dismiss the failure to detail claim.

### C. The Court Denies Without Prejudice the Secretary's Motion for Summary Judgment as to Plaintiff's Failure to Promote Claim

#### 1. Legal Standard - Summary Judgment

A motion for summary judgment should be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict" for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it could reasonably affect the outcome of the case. *Id.*

Where the movant does not bear the ultimate burden at trial, it need only satisfy the initial burden of demonstrating the absence of evidence to support the nonmovant's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the motion has been properly supported, the burden shifts to the nonmovant to show that "the evidence is such that a reasonable jury could return a verdict" in its favor. *Anderson*, 477 U.S. at 248.

Finally, not every disputed factual issue is material in light of the substantive law that governs the case. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248-50 (noting that if the evidence is "merely colorable" or "not significantly probative," summary judgment may be granted).

#### 2. Legal Standard - Title VII

If a defendant in a Title VII matter presents a legitimate, non-discriminatory reason for its actions, the district court faced with a motion for summary judgment must ask: "Has the

employee produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee on the basis of race, color, religion, sex, or national origin?" *Brady v. Office of the Sergeant at Arms, U.S. House of Representatives*, 520 F.3d 490, 494 (D.C. Cir. 2008). In doing so, the court considers whether discrimination may be inferred from (1) evidence used by the plaintiff to establish his prima facie case,[4] (2) any evidence the plaintiff presents to attack the employer's proffered explanation, and (3) any further evidence of discrimination that may be available to the plaintiff. *Waterhouse v. District of Columbia*, 298 F.3d 989, 992-93 (D.C. Cir. 2002) (quoting *Aka v. Wash. Hosp. Ctr.*, 156 F.3d 1284, 1291 (D.C. Cir. 1998)).

### 3. Summary Judgment is Premature

As a preliminary matter, the Secretary has presented material outside of pleadings.[5] The court will, therefore, treat the motion as one for summary judgment. *See Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003) (observing that when "matters outside the pleading are presented to and not excluded by the court, the motion [to dismiss for failure to state a claim] shall be treated as one for summary judgment and disposed of as provided in Rule 56").

Generally, the court is reluctant to consider a motion for summary judgment prior to discovery. *See Convertino v. Dep't of Justice*, 684 F.3d 93, 99 (D.C. Cir. 2012) (stating that

---

[4] To establish a prima facie case of race discrimination under Title VII, the plaintiff must show that "(1) [he] is a member of a protected class; (2) [he] suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination." *Brown v. Brody*, 199 F.3d 446, 452 (D.C. Cir. 1999); *Stewart v. Ashcroft*, 352 F.3d 422, 428 (D.C. Cir. 2003); *Carroll v. England*, 321 F. Supp. 2d 58, 68 (D.D.C. 2004).

[5] The material outside the pleadings that has been considered by the court includes the transfer documentation of the employee who had previously worked as the Administrative Officer, Def.'s Ex. 15, the affidavit of Plaintiff's supervisor, Def.'s Ex. 6, the FSIS organizational chart, Def.'s Ex. 8, and the affidavit of a FSIS Human Resources employee, Def.'s Ex. 9. Def.'s Mot. at 14–15.

"summary judgment is premature unless all parties have had a full opportunity to conduct discovery") (internal quotations & citations omitted); *Americable Int'l v. Department of Navy*, 129 F.3d 1271, 1274 (D.C. Cir. 1997) (stating that "summary judgment ordinarily 'is proper only after the plaintiff has been given adequate time for discovery'").  After reviewing the parties' filings, the court concludes that the current record is not sufficiently developed to allow a determination as to whether a genuine dispute of material fact exists.  The court believes a period of discovery is appropriate to allow Plaintiff the opportunity collect evidence to support her contentions.  Accordingly, the court declines, in its discretion, to entertain the Secretary's motion for summary judgment before allowing a period for discovery.  *See, e.g.*, *Gordon v. Napolitano*, 786 F. Supp. 2d 82, 86 (D.D.C. 2011) (reasoning that although the plaintiff's claims was unlikely to survive a future summary judgment motion, "to dismiss them or convert this into a motion for summary judgment is premature at this time because [the p]laintiff has not had the benefit of any discovery to bolster her claims"); *McWay v. LaHood*, 269 F.R.D. 35, 37-38 (D.D.C. 2010) ("[T]he D.C. Circuit has directed that because it is difficult for a plaintiff to establish proof of discrimination, the court should view [pre-discovery] summary-judgment motions ... with special caution."); *Gray v. Universal Serv. Admin. Co.*, 581 F. Supp. 2d 47, 56 (D.D.C. 2008) (stating that summary judgment "must be approached with special caution" in discrimination cases and allowing discovery before entertaining a summary judgment motion).  Once discovery has concluded, the Secretary may renew his motion for summary judgment.

## IV. CONCLUSION

For the foregoing reasons, the court concludes that [Dkt. #10] the Secretary's motion to dismiss as to the failure to detail claim is denied, and the motion for summary judgment on the failure to promote claim, is denied without prejudice. An Order consistent with this Memorandum Opinion is separately issued this 29th day of August, 2012.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE